IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE BALTIMORE LIFE INSURANCE COMPANY,** a Maryland Corporation 10075 Red Run Boulevard Baltimore, Maryland 21117 | * * * |
| **PLAINTIFF** | * |
| v. | * |
| **LINDA ZUCCARINI** 120 Smithfield Street Belle Vernon, Pennsylvania 15012 | * * |
| **STEVEN BANEY** 1909 39th St. N. Bradenton, Florida 34205 | * * **CIVIL ACTION NO. 2:22-cv-878** |
| **THE ESTATE OF LEE R. ZUCCARINI, SR.** 120 Smithfield Street Belle Vernon, Pennsylvania 15012 | * * * |
| **PAMELA J. ZUCCARINI** 1909 39th St. N. Bradenton, Florida 34205 | * * |
| **DEFENDANTS** | * |

**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**

The Baltimore Life Insurance Company ("Baltimore Life" or "Interpleader Plaintiff"), Plaintiff, by its counsel, bring the following action against: Pamela J. Zuccarini ("Ms. Zuccarini"), Steven Baney ("Mr. Baney") Linda Zuccarini ("Widow Zuccarini") and The Estate of Lee R. Zuccarini, Sr. ("Estate") (collectively "Interpleader Defendants"). Baltimore Life alleges and states:

1

## PARTIES

1. Baltimore Life is a Maryland Corporation with its principal place of business in Owings Mills, Maryland.

2. Ms. Zuccarini, a natural person, is a citizen of Bradenton, Florida.

3. Mr. Baney, a natural person, is a citizen of Bradenton, Florida.

4. Widow Zuccarini, a natural person, is a citizen of Belle Vernon, Pennsylvania.

5. The Estate must be opened in Fayette County, Pennsylvania.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1335 and 1332. The Interpleader Plaintiffs have completely diverse citizenship from the Interpleader Defendants. The amount in controversy exceeds $75,000.00.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1397

8. National service of process in this action is authorized pursuant to 28 U.S.C. § 2361

## STATEMENT OF FACTS

9. On or about September 7, 1994, Lee R. Zuccarini, Sr. ("Mr. Zuccarini") applied for and purchased from Baltimore Life an insurance policy, no. 01152007141 (the "Policy"). A true and accurate copy of the application is attached as **Exhibit 1**. The Policy has a face value of approximately $100,000.00 ("Death Benefit").

10. At the time of purchase of the Policy, Mr. Zuccarini was the owner of the Policy and Ms. Zuccarini was his spouse.

11.   At the time of purchase of the Policy, Ms. Zuccarini was listed as the primary beneficiary of the Policy, and Mr. and Ms. Zuccarini's son, Lee R. Zuccarini, Jr. was listed as the contingent beneficiary of the Policy.

12.   Mr. Zuccarini and Ms. Zuccarini were divorced in the Court of Common Pleas of Potter County, Pennsylvania by decree on June 21, 2006.  A copy of the divorce decree is attached as **Exhibit 2**.

13.   On September 28, 2009, ownership of the Policy was changed from Mr. Zuccarini to Ms. Zuccarini, listing Steven Baney as co-owner.  A copy of the change of ownership form submitted is attached as **Exhibit 3**.

14.   At the time the ownership of the Policy was changed from Mr. Zuccarini to Ms. Zuccarini, Ms. Zuccarini remained the primary beneficiary of the Policy with Lee R. Zuccarini, Jr. listed as the contingent beneficiary.

15.   Upon information and belief, Lee R. Zuccarini, Jr. passed away on October 30, 2012.

16.   Upon information and belief, Lee R. Zuccarini, Sr. passed away on October 10, 2021.

17.   On October 14, 2021, Ms. Zuccarini called Baltimore Life seeking to change ownership of the Policy.  Ms. Zuccarini was sent an ownership change form that day.

18.   On October 18, 2021, Ms. Zuccarini called Baltimore Life once again, this time requesting a beneficiary change form.

19.   Neither the October 14, 2021 ownership change form, nor the October 18, 2021 beneficiary change forms were returned to Baltimore Life by Ms. Zuccarini.

20. On November 15, 2021, Ms. Zuccarini reported Mr. Zuccarini's death to Baltimore Life.

21. On December 6, 2021, Ms. Zuccarini submitted a claim form to Baltimore Life, seeking payment on the Policy directed to a bank account number that she provided. A copy of that claim is attached as **Exhibit 4**.

22. On December 8, 2021, Ms. Zuccarini was notified by Baltimore Life that under Pennsylvania law (Pa.C.S.A. § 6111.2), because Ms. Zuccarini and Mr. Zuccarini had been divorced, by operation of law Ms. Zuccarini was no longer a beneficiary of the Policy.

23. Though the Policy lists Lee R. Zuccarini, Jr. as the contingent beneficiary, Lee R. Zuccarini, Jr. predeceased Lee R. Zuccarini, Sr. Further, Ms. Zuccarini has alleged that Steven Baney, co-owner of the policy, is the contingent beneficiary based on changes that she implemented at some prior point.

24. Ms. Zuccarini does have a copy of a Lost Policy Certificate listing Steven Baney as "contingent beneficiary"; however, this appears to be the only extant paperwork showing Mr. Baney as such. A copy of the Lost Policy Certificate is attached as **Exhibit 5**.

25. Baltimore Life has no record of any change in contingent beneficiary to the Policy.

26. Should all beneficiaries to the policy predecease the Insured, the Death Benefit would be paid to the Estate.

27. The Widow Zuccarini is a proper person under Pennsylvania law to open an estate for Lee R. Zuccarini, Sr.

28. There are other potential takers under the Estate.

29. As such, there is now a dispute as to who is the beneficiary of the Policy.

30. Baltimore Life has been unable to resolve the dispute as to the beneficiary of the Policy before filing this interpleader action.

31. Baltimore Life is in serious doubt and cannot safely determine its liability as among the Defendants with regard to the payment of the Death Benefit. Baltimore Life does not know to which of the Defendants, if any, it may properly pay the Death Benefit. Without relief from this Court, Baltimore Life is at risk of multiple litigation and payment obligations.

32. Unless Defendants are restrained or enjoined from prosecuting lawsuits against Baltimore Life regarding the Death Benefit and from any effort to collect from Baltimore Life any judgments rendered in such lawsuits, Baltimore Life will be subjected to multiple, contradictory and/or inconsistent judgments and will be prejudiced and subjected to numerous lawsuits, the outcomes of which will not properly determine the manner in which the limited fund established by the Policy should be distributed among the Defendants. Injunctive relief, therefore, is appropriate pursuant to 28 U.S.C. § 2361.

33. Baltimore Life makes no claim to the Death Benefit.

34. Baltimore Life stands ready to pay the Death Benefit into the Registry of the Court.

## COUNT ONE
### (Interpleader – 28 U.S.C. § 1335)

32. Baltimore Life incorporates the allegations contained in Paragraphs 1 to 31, above, as if they were recited herein.

33. The Interpleader Defendants have conflicting claims to the Death Benefit.

34. Baltimore Life makes no claim to the Death Benefit.

35. The Death Benefit exceeds $500.00.

36. There are two or more adverse claimants of diverse citizenship.

37. Should Baltimore Life pay the Death Benefit into the Registry of the Court, Baltimore Life should be fully and finally discharged from all further liability for the Death Benefit to any of the Interpleader Defendants.

## COUNT TWO

### (Declaratory Judgment)

38. Baltimore Life incorporates the allegations contained in Paragraphs 1 to 37, above, as if they were recited herein.

39. An actual controversy exists between Baltimore Life and the Interpleader Defendants within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

40. Should Baltimore Life forward the Death Benefit to one of the Interpleader Defendants rather than one of the other Interpleader Defendants subsequent to the conclusion of the present Interpleader action, Baltimore Life will be at risk for future suits and/or double payment liability.

41. Baltimore Life seeks a declaration from the Court as to the proper party to whom Baltimore Life is to make payment of the Death Benefit.

42. Baltimore Life seeks a further declaration that should Baltimore Life make payment of the Death Benefit pursuant to the Court's Declaratory Judgment Order, Baltimore Life shall be fully and finally released from all liability to each of the Interpleader Defendants and any person or entity claiming through any of them.

## COUNT THREE

### (Preliminary Injunction)

43. Baltimore Life incorporates the allegations contained in Paragraphs 1 to 42, above, as if they were recited herein.

44. Baltimore Life is entitled to interpleader relief and, thus, is likely to be successful on the merits of this case vis-à-vis its interests.

45. Should any Interpleader Defendant seek to have any other tribunal adjudicate matters relating to the funds that Baltimore Life seeks to interplead, the Baltimore Life will suffer irreparable harm.

46. Enjoining any of the Interpleader Defendants from seeking relief from any other tribunal will not cause any harm.

47. The public interest will be served by having an orderly adjudication to any dispute regarding the interpleaded funds occur in this proceeding.

WHEREFORE, Baltimore Life requests the Court to:

A. Order Defendants to interplead and to settle among themselves their respective rights and claims to the Death Benefit without further involvement by Baltimore Life and direct the Defendants to plead and pursue their claims;

B. Enjoin and restrain each and all of the Defendants, their agents, attorneys, and/or representatives, from instituting or prosecuting further any proceeding in any State or United States court on account of the Policy and/or the Death Benefit due thereunder;

C. Declare the Defendants' respective rights to the Death Benefit so that Baltimore Life may make the payment free from uncertainty and the threat of having to make multiple payments and free from the threat of either having to split the Death Benefit or having to make multiple payments in connection therewith;

D. Direct Baltimore Life to tender the Death Benefit to the Clerk of this Court;

E.      Direct the Clerk of this Court to deposit the funds in the Registry of the Court to be invested in accordance with the practice of the Registry and to be held therein subject to further Order(s) of the Court;

F.      Award Baltimore Life the attorneys' fees and costs it has incurred in its bringing of this action and will incur during the pendency of this action;

G.      Fully and finally discharge Baltimore Life from all further liability by reason of its payment into the Registry of this Court of the due and owing Death Benefit and dismissing Baltimore Life from this matter, with prejudice; and

H.      Grant such further relief as may, in its discretion, appear to be proper.

Respectfully submitted,

    /s/ *Stephen H. Kaufman*
Stephen H. Kaufman, Bar No. 44143
RKW Law Group
10075 Red Run Blvd.
Baltimore, Maryland 2117
Tele: 443.379.8941
Fax: 443.379.4023
skaufman@rkwlawgroup.com
mdilks@rkwlawgroup.com
*Attorneys for Interpleader Plaintiff*
*Baltimore Life Insurance Company*