IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE BALTIMORE LIFE INSURANCE COMPANY** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | Civil Action No. 2:22-cv-00878 |
| v. | * | |
| **PAMELA J. ZUCCARINI, et al.,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \*

## CONSENT JUDGMENT

This is an interpleader action brought by The Baltimore Life Insurance Company ("Baltimore Life"), pursuant to 28 U.S.C. §§ 1335, 1332, 1397, and 2361, to determine the respective rights of Pamela J. Zuccarini ("Pamela"), Linda Zuccarini ("Linda"), Steven Baney ("Steven") and The Estate of Lee R. Zuccarini, Sr. ("Estate," and, collectively, "Interpleader Defendants") pursuant to life insurance policy number 01152007141 (the "Policy").

On or about September 7, 1994 Lee R. Zuccarini, Sr. ("Mr. Zuccarini") applied for and purchased from Baltimore Life the Policy. The Policy has a face value of $100,000.00 ("Death Benefit").

Mr. Zuccarini passed away on passed away on October 10, 2021, at which time the Policy was in full force and effect.

Various uncertainties, inconsistent claims, and disputes have arisen between the Interpleader Defendants concerning claim to the Policy's death benefit.
Baltimore Life filed the present interpleader action to resolve any inconsistent claims to payments from the Policy.

On February 15, 2023, a Default Judgment was entered against, Steven, which judgment became final on March 17, 2023.

Linda, in her individual capacity and as representative of the Estate, and Cassandra Leary and Cynthia Chisholm, in their capacities as co-personal representatives of the Estate of Pamela Zuccarini have agreed to resolve any inconsistent claims to the Death Benefit and resolve and release any potential claims.

The Parties hereto desire to enter into this Agreement in order to avoid burdensome and protracted litigation, and to resolve their disputed claims.

Upon the joint Motion of Linda Zuccarini, in her individual capacity and as personal representative for the Estate of Lee R. Zuccarini, Sr., Cassandra Leary and Cynthia Chisholm, in their capacities as co-personal representatives of the Estate of Pamela J. Zuccarini and in their capacities as guardians of B.Z-G, a minor, and M.Z., a minor, respectively, both heirs of the Estate of Pamela J. Zuccarini, and Baltimore Life, it is this 25th day of April 2023 ORDERED that:

1. Pursuant to the Court's authority under 28 U.S.C. §§ 1651 and 2361, Linda Zuccarini, the Estate of Lee R. Zuccarini, Sr., Steven Baney, the Estate of Pamela J. Zuccarini, and anyone claiming any interest derived in any way from them, are permanently enjoined from continuing or ever bringing any action or making any claim against Baltimore Life based upon or arising out of the Policy, Death Benefit, or any documents related to the Policy;

2. Baltimore Life is released from any liability to Linda Zuccarini, Steven Baney, the Estate of Lee R. Zuccarini, Sr., the Estate of Pamela J. Zuccarini, and/or anyone claiming any interest derived in any way from either the Estate of Pamela J. Zuccarini or the Estate of Lee R. Zuccarini, Sr., with respect to any and all claims that arise out of or relate in any way to the Policy, Death Benefit, and/or any documents related to the Policy and Death Benefit that have accrued from the beginning of time to the date of this Consent Judgment.

3. All monies deposited in the Registry of the Court pursuant to this Court's October 13, 2022 Order (ECF 21) in the amount of $99,711.62 plus any and all accumulated interest shall be withdrawn by the Clerk of Court from the CRIS Registry Account and distributed as follows:

   a. Baltimore Life shall be paid $21,607.50 in legal fees incurred pursuant to this action by check payable to RKW, LLC, 10075 Red Run Blvd., Owings Mills, Maryland 21117;

   b. The remaining balance ("Remainder") shall be split evenly as follows:

   i. The Estate of Pamela J. Zuccarini shall be paid $39,052.06 of the Remainder, plus 50% of any accrued interest by check payable to Gold Leaf Law, PLLC, 110 E. Pittsburgh Street, Greensburg, PA 15601;

   ii. Linda Zuccarini shall be paid $39,052.06 of the Remainder, plus 50% of any accrued interest by check payable to Goodwin Como, P.C., 108 N. Beeson Blvd., Suite 400, Uniontown, PA 15401.

4. The parties of whom the check will be made payable to must submit a completed W-9 form to the Clerk, U.S. District Court, Attention Finance Department, 700 Grant Street, Suite 3110, Pittsburgh, PA 15219 and shall not receive payment until providing this form.

5. This Consent Judgment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, heirs and permitted assigns (if any). None of the parties hereto and none of their respective successors and permitted assigns may assign any of its rights under this Consent Judgment unless (i) the assignment covers all of the assignor's rights hereunder, (ii) the assignee expressly assumes all of the assignor's obligations hereunder; and (iii) the assignor and assignee jointly confirm in writing, in a form reasonably acceptable to Baltimore Life that the foregoing conditions (i) and (ii) have been satisfied.  Any purported assignment that

fails to satisfy all of the foregoing conditions shall be null and void.

    6.    DEFINITIONS:

    a.    As used in this Consent Judgment, the term "Baltimore Life" shall mean The Baltimore Life Companies, its predecessor corporations, parent corporations, subsidiary corporations, successor corporations, and their respective officers, directors, shareholders, employees, agents, attorneys, and assigns.

    b.    As used in this Consent Judgment, the terms "Linda" and "Linda Zuccarini" shall mean Linda Zuccarini, her successors, assigns, heirs, personal representatives, executors, guardians, curators and/or any person claiming any right through her. Insofar as any release contained in this Consent Judgment is concerned, Linda Zuccarini is acting not only in her individual capacity, but also in any capacity that he has derived or may derive as a consequence of the death of Lee R. Zuccarini, Sr., including his being his heir or executor.

    c.    As used in this Consent Judgment, the term "Estate of Lee R. Zuccarini, Sr." shall mean The Estate of Lee R. Zuccarini, Sr., Deceased, and its respective successors, assigns, heirs, personal representatives, executors, guardians, curators and/or any person claiming any right through any of them. The term Estate shall also include Lee R. Zuccarini, Sr. insofar as any action that he took or right to which he was entitled prior to his death.

    d. As used in this Consent Judgment, the term "Estate of Pamela J. Zuccarini" shall mean The Estate of Pamela J. Zuccarini, Deceased, and its respective successors, assigns, heirs, personal representatives, executors, guardians, curators and/or any person claiming any right through any of them. The term Estate shall also include Pamela J. Zuccarini insofar as any action that she took or right to which she was entitled prior to her death.

4

7. All parties hereto (i.e., Baltimore Life, Linda Zuccarini, the Estate of Pamela J. Zuccarini, and the Estate of Lee R. Zuccarini, Sr.) by their requesting that the Court enter this Consent Judgment have warranted and represented that they have received, read and understood this Consent Judgment before signing the Joint Motion requesting that the Court enter the same, that they have had full opportunity to consult with legal counsel, that they have authority to sign the Joint Motion Requesting Entry of Consent Judgment and legally bind themselves thereto and have voluntarily and knowingly signed the Joint Motion Requesting Entry of Consent Judgment of their own free will.

8. Except as provided herein, each party shall bear his, her or its own costs incident to the action.

9. That nothing in this Consent Judgment shall preclude any party from bringing an action to enforce the terms of the Consent Judgment.

10. That this Court shall retain exclusive jurisdiction over this matter to enforce any all matters relating to this Consent Judgment, including but not limited to any matter relating to the Policy and the Death Benefit. The Parties are specifically enjoined from their initiating or bringing any claim or action before any court, administrative tribunal or agency related to the Policy, the Death Benefit, or this Consent Judgment other than before this Court.

    /s/ Christy Criswell Wiegand
Judge Christy Criswell Wiegand
United States District Judge